IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LONNIE D. NIXON                 :

   v.                           :   Civil Action No. DKC 17-442

                                :
MARYLAND DEPARTMENT OF PUBLIC
SAFETY AND CORRECITONAL         :
SERVICES, et al.
                                :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion to dismiss or, in the alternative, for summary judgment filed by Defendants Maryland Department of Public Safety and Correctional Services ("DPSCS") and twelve DPSCS employees named in the complaint (collectively, "Defendants") (ECF No. 21), the motion for leave to amend filed by Plaintiff Lonnie Nixon (ECF No. 13), and the motion for leave to supplement filed by Plaintiff (ECF No. 16). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted, the motion for leave to supplement will be denied, and the motion for leave to amend will be denied.

## I. Background[1]

Plaintiff is an inmate formerly housed at the Metropolitan Transition Center ("MTC"). On December 1, 2016, Plaintiff Lonnie Nixon asked to go to the library to work on an appeal of his conviction but was informed by Defendant Eregha that the library was closed even though the library had reopened that day. On December 2, he asked to see case management to obtain copies of documents for his "re-trial motion," but Defendant Taylor denied his request. He also asked to speak with Defendant Williams and for a grievance form. Both requests were denied. On January 20, 2017, Sgt. Walker[2] would not allow Plaintiff to see case management even though Defendant Landerkin had given him a pass. Defendant Price denied Plaintiff's related grievances, and, on February 16, Plaintiff filed an action seeking damages for the denial of access to the courts. (ECF No. 1, at 2-3).

On October 19, Defendants moved to dismiss or, in the alternative, for summary judgment. (ECF No. 21). Plaintiff responded and supplemented his response. (ECF Nos. 27, 28, 29).

---

[1] Unless otherwise noted, the facts outlined here are set forth in the complaint and construed in the light most favorable to Plaintiff.

[2] Sgt. Walker was not named as a defendant. (ECF No. 1).

**II. Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

*Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved,

3

the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief." (citation and internal quotation marks omitted)).[3]

**III. Section 1983**

Construed liberally, Plaintiff purports to assert a claim that Defendants violated his constitutional rights by denying him legal resources interfering with his ability to access the courts. These claims, if viable, thus arise under 42 U.S.C. § 1983.

Section 1983 provides, "Every *person* who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]" (emphasis added). The Supreme Court of the United States has held that states and state agencies are not persons for the purposes of § 1983 and, therefore, cannot be held

---

[3] Although Defendants attached exhibits to their motion and styled it as a motion to dismiss or in the alternative for summary judgment, the exhibits are not necessary to deciding the case, and, therefore, the motion will be treated as a motion to dismiss.

liable. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The Maryland Department of Public Safety & Correctional Services is "undoubtedly an arm of the state for purposes of § 1983." *Clark v. Md. Dep't of Public Safety & Corr. Servs.*, 316 F.App'x 279, 282 (4th Cir. 2009). Accordingly, Defendant DPSCS will be dismissed.[4]

Prisoners have a constitutional right to access courts to challenge convictions and redress violations of their rights, and, to effectuate that right, states have an "affirmative duty to provide meaningful access to the courts for incarcerated individuals." *White v. White*, 886 F.2d 721, 727 (4th Cir. 1989). "[T]his constitutional obligation does not require states to afford inmates unlimited access to a library." *Petrick v. Maynard*, 11 F.3d 991, 994 (10th Cir. 1993). Rather, states must only provide "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds v. Smith*, 430 U.S. 817, 825 (1977).

Plaintiff does not identify any acts by Defendants Alexander, White, Major, Holmes, Harris, Carter, and Swann. Accordingly, his claims against them will be dismissed.

---

[4] Because state officials cannot be held liable in their official capacity, the complaint will only be construed to attempt to state claims against Defendants in their individual capacity.

5

Plaintiff alleges that Defendant Landerkin issued a pass for him to see case management; Defendant Price denied his grievance requests; and his request to see Defendant Williams was denied. None of these allegations relate to access to the courts, and, therefore, the claims against Defendants Landerkin, Price, and Williams will be dismissed.

Plaintiff alleges that on one occasion, Defendant Eregha misrepresented that the library was closed. Plaintiff alleges that on one occasion, Defendant Taylor would not let Plaintiff visit case management. Plaintiff does not allege that the law library or legal resources were inadequate. Plaintiff does not allege that he did not have *adequate* access to the resources. Plaintiff has only alleged that he did not have *unlimited* access to the legal resources. Plaintiff's claims stem from the mere fact that his movement inside the prison was limited. The lack of free movement "is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 355 (1996). Although Plaintiff may have desired more access to legal resources, Plaintiff has not alleged an unconstitutional burden on his right to access courts and, therefore, his claims against Defendants Eregha and Taylor will be dismissed.[5]

---

[5] A prisoner bringing a claim of inadequate access must show that his inadequate opportunity to bring legal claims resulted

Because Plaintiff has been given multiple opportunities to supplement his complaint and still failed to identify facts that would entitle him to relief, the dismissal will be with prejudice.

**IV.  Leave to Supplement**

On August 30, 2017, Plaintiff moved to supplement his complaint. (ECF No. 16).  Plaintiff alleges that while at the Maryland Correctional Institution at Jessup ("MCIJ"), Captain Dean placed Plaintiff on administrative segregation for six and a half days without providing a reason.  In administrative segregation, Plaintiff was denied access to pen, pencil, and books and was therefore unable to pursue any legal action.

A party may supplement a complaint to add a claim that "set[s] out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed.R.Civ.P. 15(d).  Under the Federal Rules of Civil Procedure, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).  In that regard, Rule 15(d):

---

in the loss of meritorious claims.  *O'Dell v. Netherland*, 112 F.3d 773, 776 (4th Cir. 1997).  Even if Plaintiff had had an inadequate opportunity to litigate, Plaintiff has not identified any meritorious claim he lost.

7

> is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears[.]

*New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28-29 (1963).

One reason motions pursuant to Rule 15(d) are denied is that the claims or defenses bear little relationship to the original pleading. 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1510 (3$^d$ ed. 2009). For example in *Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991), a motion for leave to supplement was denied when the original claims arose out of an accident at one station and the supplemental claims arose out of a different accident at a separate station. *See also Sai v. Trans. Sec. Admin.*, 155 F.Supp.3d 1, 7 (D.D.C. 2016) (denying leave to supplement when the supplement would add fourteen additional claims that were not clearly related to the original complaint).

Here, Plaintiff seeks to add a claim related to a different event in a different facility against a different defendant. He also asserts a new theory of recovery — denial of due process. The claims have no obvious overlap, and, it would not increase

judicial efficiency to combine them in one action. Accordingly, Plaintiff's motion for leave to supplement will be denied.

**V. Leave to Amend**

Plaintiff also asked to file a civil case for being "illegally detained." (ECF No. 13). This request will be construed as a motion for leave to amend for purposes of requesting habeas relief. Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires," and commits the matter to the discretion of the district court. *See Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 769 (4th Cir. 2011). Denial of leave to amend is appropriate "*only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) (emphasis in original) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). Leave to amend may be denied as futile "if the proposed amended complaint fails to satisfy the requirements of the federal rules," including federal pleading standards. *Katyle v. Perm Nat. Gaming, Inc.*, 637 F.3d 462, 471 (4th Cir. 2011) (quoting *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008)).

Pursuant to 28 U.S.C. § 2254, a prisoner must allege that he is being held "in custody in violation of the Constitution or

9

laws or treaties of the United States." Although Plaintiff states that he is being detained unlawfully, Plaintiff has not explained how his detention violates the constitution or federal law and has provided no basis for relief. Accordingly, his request to amend his complaint will be denied as futile. The clerk will, however, be directed to send a packet to Plaintiff for filing a habeas action.

**VI. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendants will be granted. The motion for leave to supplement filed by Plaintiff will be denied. The motion for leave to amend will be denied. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge